U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP 12 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DOUGLAS PREWITT, ET AL | : | DOCKET NO. 2:07 CV 0280 |
| VERSUS | : | JUDGE MINALDI |
| ALLSTATE INSURANCE COMPANY, ET AL | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' Motion to Remand. (Doc. 6). It has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

This action arises out of a fire that destroyed Plaintiffs' home on August 21, 2006. At the time of the fire the home was insured by a policy of fire insurance issued by defendant, Allstate Insurance Company (Allstate). Plaintiffs brought this suit in the 31st Judicial District Court for Jefferson Davis Parish, Louisiana when Allstate failed to pay the benefits Plaintiffs felt were owed under the policy. Plaintiffs are citizens of Louisiana. The defendants include two citizens of Louisiana, M.A. Stringer & Associates, Inc. and M.A."Bud" Stringer (collectively referred to as "Stringer"). Despite the apparent lack of complete diversity Allstate removed the action to this court contending that the citizenship of Stringer could be disregarded in that he was fraudulently/improperly joined, and that there was original diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Plaintiffs have filed the motion presently before the court contending that

---

[1] Traditionally the term "fraudulent joinder" has been used. The Fifth Circuit now also refers to "fraudulent joinder" as "improper joinder." See *Smallwood, infra* at 571 n.1.

Stringer was not fraudulently/improperly joined so that this court lacks subject matter jurisdiction.

## Fraudulent/Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). One prerequisite to removal is that this court must have original jurisdiction. 28 U.S.C. § 1441(a). Defendants rely on diversity jurisdiction pursuant to 29 U.S.C. § 1332 to satisfy this requirement. This, in turn, requires complete diversity. *Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). There is no alleged fraud in these cases. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.*

The focus of the court's inquiry is on the joinder of the forum state citizen, not on the merits of Plaintiff's case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district

---

Obviously, this leads to some confusion. In this report and recommendation "fraudulent/improper joinder is used to refer to the traditional "fraudulent joinder."

2

court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[2] The motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

Allstate's senior claims representative, Hank Kuylen, met with Plaintiffs at the scene of the fire on August 24, 2006. At that time Mr. Prewitt signed an authorization form giving: "Allstate, . . . and their . . . agents . . . full permission to enter onto the property where the loss occurred for the purposed of conducting any investigation deemed necessary. This permission included permission to "take photographs and remove any item or material from the premises for

---

[2] In other words, facts that can be easily disproved if not true. *Id.*

any reason relevant to the investigation of the loss." Plaintiffs' Exh. A. Allstate decided to hire Stringer to investigate the cause of the fire. Stringer performed his investigation at the site on August 24, 2006. Plaintiffs were present. At the conclusion of the on-site investigation Stringer took some electrical components and wiring with him in order to secure them at his facility in Mandeville. On September 27, 2006, over a month after the fire, the fire chief for the Welsh Fire Department contacted the State Fire Marshal's office to request their assistance in investigating the fire at Plaintiffs' home. Plaintiffs' Exh. B. Investigators promptly initiated an investigation that included an on-site inspection, and interviews of the fire chief, Mrs. Prewitt, and representatives of Allstate. The Fire Marshal's office was unable to determine the cause of the fire stating: "Due to the unsecured, compromised fire scene and missing articles in the suspected area of origin, the cause of the fire is ruled as undetermined."

Plaintiffs' petition alleges that Stringer: "entered the premises of plaintiffs' residence without permission of the plaintiffs, and removed physical evidence from the scene, including debris, electrical wiring and an electrical hood vent, all of which had been located at or near the purported site of origin of the fire. . . " Plaintiffs' Petition ¶ 14. It goes on to allege that as a result of Stringer's "removal of debris from the fire scene, removal of structural components of the residence, and otherwise tampering with and altering the fire scene, the Louisiana Fire Marshal was unable to determine the cause and/or origin of the fire." Plaintiffs' Petition ¶ 15.[3]

Stringer's legal position is analogous to that of an insurance adjuster. Generally, in Louisiana, an insured has no tort claim against an insurance adjuster for processing and handling

---

[3] The remaining allegations pertaining to Stringer are found in ¶ 16 of the Plaintiffs' petition. These allegations complain of Stringer's failure to provide requested information. Plaintiffs have failed to show how such refusal would entitled them to relief from Stringer.

4

of an insurance claim. *Edwards v. Allstate Property & Casualty Co.*, 2005 WL 221560 (E.D.La. 2005); *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1st Cir. 1981). However, an adjuster may owe a duty to an insured in some circumstances. *Id.* As previously indicated the first step of our fraudulent/improper joinder analysis is to determine if Plaintiffs' petition has stated a cause of action against Stringer.

Federal Rule of Civil Procedure 8(a)(2) requires Plaintiffs to set out "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the ground upon which it rests." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1966 (2007) (internal quotes and citation omitted). It is questionable whether the allegations of Plaintiffs' petition meet that standard as to any claim against Stringer. Assuming for the sake of argument that Plaintiffs' have met Rule 8's standard for pleading a cause of action against Stringer one thing is clear from the petition–Plaintiffs' claims against Stringer are based on: (1) his alleged improper entry on the premises; and (2) his removal of some of the debris from the fire without permission.[4]

Any such claims are completely undermined by the summary judgment evidence of record. It is uncontested that Plaintiffs' signed a form specifically authorizing Allstate and its

---

[4] Plaintiffs memorandum in support also mentions claims for "negligent and/or intentional infliction of emotional distress" and there is a reference to "interference with plaintiffs' contractual rights." Plaintiffs' Memorandum in Support of Remand, p. 9. However, it is clear that these claims are not stated in the petition. *See White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991) (setting out essential elements of an intentional infliction of emotional distress claim); *Trahan v. McManus*, 728 So.2d 1273 (La. 1999) (discussing claims for negligent infliction of emotional distress); *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989) (discussing delictual liability for interference with contracts); *Spillway Investments, L.L.C. v. Pilot Travel Centers, LLC*, 2004 WL 2988491 (E.D.La. 2004) (discussing limits on delictual liability for interference with contracts). .

agents to enter their property for the purpose of conducting any investigation deemed necessary. They also gave their specific permission for the removal of "any item or material from the premises for any reason relevant to the investigation of the loss." While Mr. Prewitt denies specifically giving Stringer permission to remove material while Stringer was doing his investigation this is not legally material. Mr. Prewitt had already given his specific, written permission to Allstate and its and agents and representatives, which included Stringer. It is not surprising that Plaintiffs have been unable to cite any authority supporting their contention that there is a reasonable possibility of recovery against Stringer under these circumstances. We conclude that Allstate has borne its burden of establishing that Stringer was fraudulently/improperly joined.

Accordingly, there is complete diversity and it is recommended that the motion to remand be DENIED. It is also recommended that Plaintiffs' claims against Stringer be dismissed with prejudice.[5]

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED**

---

[5] The parties were previously notified that if we found that Plaintiffs had no reasonable possibility of recovery against the non-diverse defendants then a *sua sponte* summary judgment would be entered in favor of said defendants. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990) (""Summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery."). 7/2/07 Minute Entry.

PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of September, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE